IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RASHAD DALE MITCHELL #25210122, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | A-25-CV-00964-ADA |
| | § | |
| KATHERINE COLYER and the | § | |
| WILLIAMSON COUNTY JAIL, | § | |
| DEFENDANTS. | § | |

## ORDER

Before the Court is Plaintiff Rashad Dale Mitchell's amended complaint.[1] The Court granted Plaintiff leave to proceed *in forma pauperis*. For the reasons discussed below, the Court dismisses Plaintiff's complaint.

### STATEMENT OF THE CASE

At the time he filed his amended complaint, Plaintiff was confined in the Williamson County Jail. He alleges Katherine Colyer works in the mailroom. He complains she withholds his mail for unreasonable amounts of time, which Plaintiff describes as "up to two (2) weeks." He suggests that Colyer "perhaps [loses] his mail." He seeks $10,000 plus punitive damages.

### DISCUSSION AND ANALYSIS

A.   Standard Under 28 U.S.C. § 1915(e)

An *in forma pauperis* proceeding may be dismissed *sua sponte* under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal

---

[1] This is just one of many complaints Plaintiff filed in a short period of time.

for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the petitioner's *pro se* status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B.     Section 1983

Section 1983 provides a cause of action to individuals whose federal rights have been violated by those acting under color of state law. *Doe v. Dall. Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). Section 1983 is not itself a source of substantive rights; rather, it merely provides a method for vindicating federal rights conferred elsewhere. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994). In order to state a claim under Section 1983, a plaintiff must (1) allege a violation of rights guaranteed by the United States Constitution or federal law, and (2) demonstrate the alleged deprivation was committed by a person acting under color of state law. *Doe*, 153 F.3d at 215.

C.     Mail

Prisoners retain First Amendment free speech rights that are consistent "with the legitimate penological objectives of the corrections system." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993) (internal quotation marks and citations omitted). Thus, the right to free speech protects a prisoner from mail censorship that is not "reasonably related to legitimate penological interests." *Thornburgh v. Abbott*, 490 U.S. 401, 404 (1989) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)); *see also Brewer*, 3 F.3d at 823-25 & n.9. Prisoners and their correspondents also have a liberty

interest in uncensored communication that is protected by the Due Process Clause of the Fourteenth Amendment, which is "qualified of necessity by the circumstance of imprisonment." *Procunier v. Martinez*, 416 U.S. 396, 418 (1974), *overruled on other grounds by Thornburgh*, 490 U.S. 401. Therefore, both senders and addressees are entitled to certain procedural due process protections, including notice of rejected mail and an opportunity to be heard. *See id.* at 417-19; *Prison Legal News v. Livingston*, 683 F.3d 201, 222 (5th Cir. 2012).

Plaintiff does not allege his mail has been censored or rejected. He merely complains that mail delivery is too slow. He further speculates that Defendant may have lost his mail. However, he does not provide any facts to support this claim. Plaintiff's amended complaint fails to allege a valid constitutional violation.

D.     Williamson County Jail

It is not clear whether Plaintiff named the Williamson County Jail as a defendant or if he merely is identifying where Defendant Colyer works. In the event Plaintiff names the jail as a defendant, his claim fails. The Williamson County Jail is not a legal entity capable of being sued. *See Guidry v. Jefferson County Detention Center*, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit); *Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action).

## CONCLUSION

Plaintiff fails to state a claim against Defendant Katherine Colyer or the Williamson County Jail.

It is therefore **ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e).

Plaintiff is warned, if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, he will be prohibited from bringing any other actions *in forma pauperis* unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

It is finally **ORDERED** that the Clerk of Court shall e-mail a copy of this Order and the Court's Judgment to the keeper of the three-strikes list.

SIGNED on September 11, 2025.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE